

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**SARAH MANTELL, and**
**MICHELLE GROSS**

      **Plaintiffs,**

v.                               Civil Action No. _5:06 - 0034_

**ANDREW "JACK" WHITTAKER, JR.**

      **Defendant.**

## COMPLAINT

For their Complaint, Plaintiffs, Sarah Mantell and Michelle Gross, state as follows:

## PARTIES

1.    Plaintiffs, Sarah Mantell and Michelle Gross, are citizens of West Virginia and at all times relevant herein, resided in Summers County, West Virginia.

2.    Upon information and belief, Defendant Andrew "Jack" Whittaker, Jr., hereinafter referred to as "Whittaker", is a citizen of Virginia and at all times relevant herein, resided in the State of Virginia.

3.    This Court has jurisdiction over this action pursuant to Title 28, United States Code, §1332, in that the amount in controversy exceeds $75,000.00 and this action is between citizens of different states.

1

## STATEMENT OF FACTS

4.      On or about November 22, 2004, the defendant, Whittaker, was drinking at Bobcat's Den, a tavern and/or bar located in Hinton, Summers County, West Virginia, and in which establishment the plaintiffs and some of their friends occasioned.

5.      On said date, November, 22, 2004, while patrons at said establishment, the defendant, Whittaker, approached Plaintiff Mantell and asked her if she wanted a drink and handed her a One Hundred Dollar bill to purchase a drink. The defendant, Whittaker, then gave the plaintiff, Mantell, another One Hundred Dollar bill to play the jukebox.

6.      Afer approximately forty-five minutes, defendant, Whittaker asked the plaintiffs and their friends if they wanted to leave said establishment with him. A friend of the plaintiffs suggested that they all go to his father's camp on LightFoot Road, also located in Summers County, West Virginia. The defendant, Whittaker, both plaintiffs, and two of their gentlemen friends and two of their female friends all left and went to the aforesaid camp.

7.      After the aforesaid parties arrived at the camp, defendant, Whittaker, went upstairs to a bedroom where he stayed almost the entire time. After about approximately 10 minutes, defendant, Whittaker, started yelling for someone to come upstairs. Plaintiffs went to see what he wanted.

8.      After the plaintiffs went upstairs, the defendant, Whittaker, began questioning the plaintiffs regarding the whereabouts of some of his belongings. The plaintiffs attempted to explain to the defendant, Whittaker, where these items were, but he was too intoxicated to understand.

9.     The plaintiffs and their friends decided to leave the camp and one of the female ladies in the group went upstairs to ask the defendant if he was ready to leave. The defendant would not respond to the question so both plaintiffs went upstairs in an attempt to get the defendant to leave. Defendant Whittaker then started asking them to get into bed with him.

10.     The Plaintiffs attempted to ignore the defendant and repeatedly asked him if he wanted to leave. Defendant Whittaker stated he wasn't leaving until he got some sex, so plaintiffs told Whittaker they were leaving.

11.     Defendant Whittaker got out of bed with his pants and boots off and started verbally assaulting plaintiff Mantell and plaintiff Gross, by calling them "stupid bitches." At this point, defendant Whittaker took his gun out of his left boot.

12.     Defendant Whittaker then started accusing the girls of robbing him and told them they were not going anywhere. The plaintiff Gross and plaintiff Mantell proceeded to explain to Defendant Whittaker that they had not robbed him. Defendant refused to listen.

13.     Defendant Whittaker then backed the plaintiff Mantell and plaintiff Gross against the wall waving his gun in their faces and telling them to take their clothes off. He then pulled on the shirt of the plaintiff, Gross, and groped her breasts.

14.     Defendant Whittaker then grabbed the front of plaintiff Mantell's pants. He unbuttoned them, and stuck his hand down the front of her pants, while waving the gun at her the entire time. The entire time defendant Whittaker was waving the gun around, he was saying "I will fuck you bitches up."

3

15.     One of the males who had accompanied the plaintiffs to the camp heard Defendant Whittaker threatening the girls and went upstairs and asked the defendant what was going on.  Defendant Whittaker then turned on the male and told them, "I am going to kill him."

16.     Plaintiffs ran into the hallway and ran down the stairs.  Plaintiffs then heard two gunshots when they were at the bottom of the stairs.

17.     Plaintiff Mantell hid in a closet when she heard Defendant Whittaker running down the stairs.  Said defendant was screaming he was "going to kill somebody."

18.     Defendant Whittaker didn't see plaintiff Mantell in the closet so he started running around the camp screaming.  Defendant Whittaker then went on the porch and fired his gun three (3) more times.  Defendant went through the house again screaming for the male friend, saying he was "going to kill someone."  Said defendant finally went outside and drove away in his Hummer.

19.     After the defendant left, the plaintiffs and their friends immediately left the camp.

20.     The foregoing acts, conduct and behavior of the defendant, were performed knowingly, intentionally, and maliciously, and/or with reckless indifference to the rights of others, by which plaintiffs are entitled to an award of punitive damages.

## Count I

### (Intentional Assault)

For this cause of action against the defendant, the plaintiffs state the following:

21.     By this reference, plaintiffs incorporate each and every allegation and

4

averment set forth n paragraphs 1 through 20 of this complaint as though fully set forth herein.

22.    Defendant Whittaker intentionally performed acts that resulted in and consisted of imminent apprehension of bodily harm to the person of plaintiffs.

23.    Plaintiffs did not consent to the imminent apprehension alleged herein.

24.    As a direct and proximate result of the acts of defendant Whittaker as described herein, plaintiffs have sustained physical injury, pain, suffering, and emotional distress for which they are entitled to recover.

## COUNT II

### (Intentional Battery)

For this cause of action against the defendant, the plaintiffs state the following:

25.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26.    Defendant Whittaker intentionally performed acts that resulted in and consisted of unwanted offensive contact with the person of plaintiffs.

27.    Plaintiffs did not consent to the offensive contact alleged herein.

28.    As a direct and proximate result of the acts of Defendant Whittaker, as described herein, Plaintiffs have sustained physical injury, pain, suffering, and emotional distress for which they are entitled to recover.

## COUNT III

### (Intentional Infliction of Emotional Distress)

For this cause of action against the defendants, the plaintiffs state the following:

29.    By this reference, plaintiffs incorporate, each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30.    The acts and conduct of Defendant Whittaker alleged herein were outrageous and amounted to a willful, intentional, malicious and reckless disregard for the rights of Plaintiffs, with the probability of causing emotional distress to Plaintiffs, and said acts and conduct of the defendant were committed for the purpose of causing Plaintiffs to suffer anxiety, mental anguish and severe emotional distress.

31.    The acts and conduct of Defendant Whittaker were outrageous in that they offended the generally accepted standards of decency and morality of the community.

32.    As a proximate result of Defendant Whittaker's act and conduct, Plaintiffs have suffered and are suffering anxiety, mental anguish and severe emotional distress for which they are entitled to recover.

## COUNT IV

### (Violation of a State Statute)

For this cause of action against the defendant, the plaintiffs state the following:

33.    By this reference, plaintiffs incorporate each and every allegation and

6

averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34.     The acts and conduct of Defendant Whittaker, as alleged herein, constitute a violation of <u>West Virginia Code,</u> §61-7-11, brandishing a deadly weapon; violation of <u>West Virginia Code,</u> §61-7-12, wanton endangerment involving a firearm; violation of <u>West Virginia Code,</u> §61-2-9, assault and battery, and sexual assault in a threatening way or manner.

35.     The acts and conduct of Defendant Whittaker violated West Virginia State Statutes constituting prima facie negligence and for which plaintiffs are entitled to recover.

**Relief Requested**

**WHEREFORE,** Plaintiffs demand judgment against Defendant, for the following compensatory damages:

(1)     Severe and significant emotional distress, and mental pain and suffering, both temporary and permanent;

(2)     Fear, humiliation, and embarrassment, past and future;

(3)     Annoyance and inconvenience, past and future;

(4)     Loss of physical health and well being, past and future;

(5)     Loss of enjoyment of life, past and future;

(6)     That the plaintiffs be awarded punitive damages against the defendant, in an amount adequate to punish and deter him and others from engaging in similar intentional, willful, wanton, malicious, and/or reckless conduct in the future.

(7)     Attorney's fees and costs;

7

(8)     Pre-and post-judgment interest;

(9)     All statutory, common-law and equitable relief to which the Plaintiffs may be entitled; and

(10)    Such other and further relief as justice requires.

## Jury Demand

Plaintiffs hereby demand a trial by jury upon all issues raised herein triable by jury.

**SARAH MANTELL and MICHELLE GROSS**

**BY COUNSEL**

**Richard E. Hardison, Jr. (WV Bar #8627)**
**216 Main Street**
**P.O. Box 1700**
**Beckley, WV 25802**
**Telephone: (304) 252-0714**
**Facsimile: (304) 252-0736**